IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENIFER REEVEY-GARNER AND BYRON L. SHEPARD, II, <br>     Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, LIEUTENANT ANTHONY J. MIRABELLA AND OFFICERS JOHN DOE(S), <br>     Defendants. | CIVIL ACTION <br><br> NO. 17-2153 |

## MEMORANDUM OPINION

Plaintiffs Jennifer Reevey-Garner and Byron L. Shepard, II bring this civil rights lawsuit against Defendants City of Philadelphia ("City"), Lieutenant Anthony J. Mirabella, and other unnamed officers for violations of their Fourth Amendment rights. They assert *Monell* claims against the City, contending that it is liable under 42 U.S.C. § 1983 because of a policy and custom of Fourth Amendment violations. Plaintiffs allege that they were falsely arrested and subjected to excessive force, and that their home was unreasonably searched. The City, in a motion to dismiss, argues that Plaintiffs have failed to sufficiently plead a policy or custom in support of their *Monell* claims. The City's motion shall be granted in full.

In May 2015, Philadelphia police officers arrived at Reevey-Garner's home to inquire about her son, Terric, who allegedly brandished a gun at her neighbors. The officers ordered Reevey-Garner out of her home and detained her outside for several hours. One officer searched Reevey-Garner's purse and removed from it a screwdriver that she used in her job as a computer technician.

While Reevey-Garner was detained across the street from her home, Lieutenant Anthony J. Mirabella tried to coerce her into consenting that her home be searched. She refused and stated that she wanted to speak to her attorney. Nevertheless, officers entered her home accompanied by Reevey-Garner and her son, Shepard. During the search, Shepard retrieved a rifle and gave it to the officers. The officers ordered him to step outside, and allegedly pushed and dragged him towards the patrol car. No charges were ever brought against Reevey-Garner or Shepard. Plaintiffs claim that Lieutenant Mirabella's and the other officers' conduct arose from the policies and customs of the City's police department in "fail[ing] to train, supervise and discipline police officers with respect to constitutional standards and limitations . . . under the Fourth Amendment."

In July 2017, the City filed a motion to dismiss Plaintiffs' claims against it arguing that Plaintiffs had failed to make "factual allegations regarding a municipal policy or custom that was the moving force behind the constitutional violations alleged." The Court granted the City's motion and gave Plaintiffs leave to file an amended complaint. Plaintiffs filed their amended complaint in September 2017, asserting three *Monell* claims under section 1983 against the City based on Fourth Amendment violations for (1) excessive force (Count II); (2) unreasonable search and seizure (Count IV); and (3) unlawful arrest (Count VI). The City moves to dismiss each claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may not contain just "labels and conclusions," for "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In determining the

adequacy of a complaint, a court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to plaintiff." *Warren. Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

A section 1983 claim "subjects to liability every person who under color of state law or custom deprives a citizen of his or her constitutional rights." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). A municipality may be sued as a "person" under § 1983 if it unconstitutionally implements or executes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by its governing bodies. *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 690 (1978). However, a municipality may not be liable based on a theory of respondeat superior. *Id.* at 691-95. A municipality may be sued under section 1983 based on the conduct of its police department. *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997).

*Monell* creates a "two-path track to municipality liability under section 1983, depending on whether the allegation is based on municipal policy or custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). Accordingly, to survive dismissal Plaintiffs' section 1983 claims against the City must be supported by allegations demonstrating that it "officially adopted a 'policy,' or unofficially adopted a 'custom'" that resulted in Fourth Amendment violations by its officers. *See Hildenbrand v. Allegheny County*, 757 F.3d 99, 110 (3d Cir. 2014); *see also McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was.").

A "policy" in this context is an "official proclamation, policy, or edict" made by a decision-maker who has "final authority to establish municipal policy." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990), *superseded in part by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072. Although Plaintiffs identify the City's police commissioner and assert that he is a decision-maker, they allege no "official proclamation, policy, or edict" that he has issued. *See id*. As such, Plaintiffs' section 1983 claims based on a municipal policy shall be dismissed. *See McTernan*, 564 F.3d at 658-59.

Nor have Plaintiffs adequately alleged a custom by the City that would support their section 1983 claims. A "custom" arises when the practices of state officials, though "not authorized by law," are "so permanent and well settled" as to virtually constitute law. *See Andrews*, 895 F.2d at 1480 (citing *Monell*). Plaintiffs have not alleged sufficient facts to support a claim that the City has an informal, pervasive culture that leads to Fourth Amendment violations. While they generally aver that the City has a "custom" of "fail[ing] to train, supervise and discipline police officers with respect to constitutional standards and limitations . . . under the Fourth Amendment" and that this custom is "persistent and widespread custom," they do not provide specific facts that support this allegation. *See McTernan*, 564 F.3d at 658 (affirming dismissal of section 1983 claim based on custom where plaintiff only alleged that his rights were violated "due to the City's policy of ignoring First Amendment right[s.]"). More to the point, Plaintiffs fail to plead facts to suggest that the alleged police misconduct was the result of a City custom, as opposed to the "idiosyncratic actions of individual public actors." *See Burke v. Township of Cheltenham*, 742 F. Supp. 2d 660, 676 (E.D. Pa. 2010).

An appropriate order follows.[1]

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**

---

[1] In that this is the Plaintiffs' second bite at the apple to properly plead their *Monell* claims, the Court will not grant them another chance to amend their complaint and Defendants' motion shall be granted with prejudice.